## CORRALITOS COMPANY v. HUGH MACKAY.

Decided January 28, 1903.

**1.—Statement of Facts—Striking Out by Trial Court.**

Where the trial judge was misled by the misrepresentations of appellant's attorney into signing a statement of facts not agreed to by the parties, nor made out by the judge, and which did not give a true statement of the facts adduced at the trial, it was proper for the trial court to strike out such statement upon motion with due notice thereof to appellant.

**2.—Corporation—Partnership—Accounting.**

While it is the rule that a corporation can not form a partnership with an individual unless power to do so is granted in express terms by its charter, yet where an attempt has been made to form such partnership, the rules as to accounting between partners will be applied by a court of equity.

**3.—Partnership—Accounting—Interest.**

While, as a general rule, no interest is allowed on partnership accounts prior to the time when the accounting is had, yet where the accounting is delayed through misconduct or fraud, the partner guilty thereof will be charged with interest for the time the accounting has been so delayed.

Appeal from the District Court of El Paso. Tried below before Hon. A. M. Walthall.

*Millard Patterson* and *C. N. Buckler,* for appellant.

*R. V. Bowden,* for appellee.

FLY, ASSOCIATE JUSTICE.—This suit was instituted by appellee to procure an accounting between him and appellant and to recover from appellant the sum of $1972.08, with interest at the rate of 6 per cent per annum from the 22d day of April, 1899. A trial by jury resulted in a verdict and judgment for appellee in the sum of $1460.20, with interest at 6 per cent per annum from April 22, 1899.

After the record in this case had reached this court, a motion to strike out the statement of facts was made by appellee, which was not considered, on the ground that the District Court alone could correct its record. Appellee then filed his motion in the District Court to strike the statement of facts from the record for the following reasons:

"1. Said alleged and pretended statement of facts is neither a correct nor complete statement of the material facts proved in said cause.

"2. Because in more than one instance, as will be hereinafter shown, it misstates the testimony as to matters material to plaintiff's rights, and omits a large amount of testimony material to plaintiff's rights, as will be also shown.

"3. Because said alleged and pretended statement was presented to the trial judge for his certificate and signature without the consent or knowledge of plaintiff or his attorney and without any effort being made by defendant's attorneys to agree with plaintiff's attorney upon a statement of facts to said cause.

"4. Because the certificate and signature thereto of the Hon. A. M.

Walthall, the judge of this court before whom this cause was tried, was procured by defendant's attorney, C. N. Buckler, by stating, and thereby wrongfully creating upon the mind of the said judge the impression and belief that said alleged and pretended statement of facts was substantially in accordance with plaintiff's contention of what it should be, when in truth and in fact it is not, nor was not.

"5.   Because said alleged and pretended statement of facts was not prepared by the Hon. A. M. Walthall, the judge of this court before whom said cause was tried, and whose certificate and signature are attached to same, nor was it examined or read over by him, nor were the contents thereof known to him at the time he signed the same, and same was signed and certified by said judge without having examined any statement of facts prepared and furnished by plaintiff, and without giving plaintiff any opportunity to be heard concerning said statement, or to present a statement of facts, said judge being led into so doing by the improper action and said incorrect statements of defendant's attorney, C. N. Buckler."

Appellant appeared and answered to the motion and it was tried before the Hon. A. M. Walthall, who had tried the cause on its merits, and after hearing the testimony he entered the following order:   "Now on this 3d day of November, A. D. 1902, came on for hearing the motion of the plaintiff heretofore filed in this cause, to strike out from the records and files the statement of facts heretofore filed in this cause by the defendant, in the office of the clerk of this court, which bears the clerk's file mark of date of March 3, 1902; and it appearing to the court that defendant was duly served with notice of said motion, and defendant having answered to said motion, and agreed that the same be set down for hearing on this date, and both parties appearing by their respective attorneys, and announcing ready for trial on said motion, the court proceeded to hear same, and after hearing and considering said motion and the exhibits attached thereto, with all affidavits and defendant's answer and affidavits made a part thereof, the court doth find that said statement of facts so filed is not a statement agreed upon by the parties, or their attorneys, and signed by them, and approved by the judge after finding same to be correct, as provided by article 1379, Revised Statutes; nor is the said statement a correct statement of facts made out by the judge from respective statements submitted to him by the parties, and from his own knowledge of the facts proven on the trial and ordered filed and made a part of the record, as provided by article 1380, Revised Statutes, and that the certificate of the trial judge to said statement of facts should not have been given, nor said statement of facts filed in this case.   It is therefore ordered and adjudged by the court that said motion be sustained, and that said statement of facts so filed by the defendant in this cause in the office of the clerk of this court and bearing file mark of the clerk of this court the 3d day of March, A. D. 1902, and appearing to be a statement prepared by the trial judge, be and the same is hereby stricken from the records and files in this cause, and for

nought held, and that plaintiff recover of and from the defendant, the Corralitos Company, all his costs in and about this motion laid out and expended, for which execution may issue."

The proceedings on the motion were embodied in a supplemental transcript, which by agreement of the parties was made a part of the record in this cause.

The proceeding in connection with the statement of facts is well sustained by decisions of the Supreme Court, which have been followed by this court. Railway v. Culberson, 72 Texas, 375; Boggess v. Harris, 90 Texas, 476; Willis v. Smith, 90 Texas, 636; Ennis Mercantile Co. v. Wathen, 93 Texas, 622; Johnston v. Arrendale, 30 Texas Civ. App., 504, 71 S. W. Rep., 44.

The district judge having heard the testimony, and found from the same that the statement of facts was improperly in the record, we conclude that this court must be governed in reviewing this proceeding as in all others, and if there is evidence to sustain the judgment, it must be sustained.

Regardless, therefore, of what might have been the action of this court in the premises in an original proceeding, we find in deference to the judgment that the district judge was misled into signing a statement not agreed to by the parties, and which was not a statement of facts made out by the judge from statements submitted to him by the parties. We further find that an attorney for appellant presented two statements of facts to the trial judge, saying that one was a statement prepared by appellant's attorneys, and the other by the attorney for appellee. He also stated that the parties could not agree upon a statement of facts, and that appellee's attorney had made pencil notations upon the margin of the statement prepared by appellant's attorneys, and that the said statement with the marginal notations made by the attorney for appellee embodied the testimony as contended for by appellee's attorney, and that with the marginal notations added to the said statement only minor differences between the two statements remained. Upon this representation the district judge signed his name to a certificate to the statement of facts prepared by the attorneys of appellant, which certificate had been attached to the statement of facts by the attorney for appellant before it was presented to the judge. The statement of facts with the notations on the margin did not give a true statement of the facts produced on the trial, nor what was contended for by appellee's attorney, and the statement of facts was not made up from the two statements and the memory of the judge, and was signed by the judge upon his faith in the representations made by the attorney.

The court did not, therefore, err in striking the statement of facts from the record and it will not be considered on this appeal. In view of the facts, it can not be maintained that the want of a statement of facts was brought about by a neglect of duty upon the part of the district judge, but was caused through the acts of an attorney for appellant.

All of the assignments of error gain their support from, and are based

on, the facts, and the suppression of the statement of facts disposes of them. It is unnecessary, therefore, to consider them, and only the seventh assignment, which raises the question as to whether it was proper to allow interest until there had been an accounting between the parties, will be discussed.

It is alleged in the petition: "That on or about the —— day of October, 1895, the plaintiff and the defendant entered into a contract in writing whereby the defendant employed the plaintiff to conduct and operate for it a tannery owned by defendant at the town of Corralitos, in the State of Chihuahua, in the Republic of Mexico, for a period of one year from the first day of November, 1895; that by the terms of said contract defendant agreed to furnish all material necessary and pay for all expenses required in the operation of said tannery, and for all cattle hides furnished the tannery by defendant it should be allowed the sum of $5 each, and for all sheep hides so furnished defendant should not be allowed anything, except that the tannery should remove the wool and turn the same over to defendant. For hides tanned the defendant was to allow the tannery the following prices for all hides turned over to the defendant: cattle hides for harness and saddles, 75 cents per pound, soles in general, 60 cents per pound, and sheep skins for upper leather, $6 per dozen. It was further provided by said contract that plaintiff's expenses should be incurred upon his individual account, and that he should not receive any salary, but that the tannery should be liquidated yearly, and the net proceeds be equally divided between plaintiff and defendant. That prior to the expiration of said written contract plaintiff and defendant modified the same by oral agreement, whereby the duration of same was extended indefinitely without any time specified for the liquidation of the accounts, and subsequently there was a further oral modification of the said contract whereby it was agreed that the tannery would pay the defendant 15 cents each for sheep skins, and defendant would take all the wool obtained from said skins at the price of 20 cents per pound. That during the period of the operation of said tannery by plaintiff under the terms of said contract beginning on the 1st day of November, 1895, and ending on the 22d day of April, 1899, the defendant expended on behalf of said tannery for labor and material for use therein, and for general expenses in conducting same, the sum of $27,445, and received the net products of same, which amounted to the sum of $36,965, leaving the net profit of the operation of said tannery the sum of $9520, of which plaintiff owned and was, and is, entitled to one-half, or $4760.   *   *.   *    That plaintiff's personal account with the defendant was also kept by the defendant, and said account, and the books in which same was kept, are in the possession of the defendant, and plaintiff can not give the items thereof, but that defendant has advanced plaintiff by way of supplies and money from time to time a considerable sum, which, after paying all salaries earned and expenses incurred by plaintiff in defendant's service prior to the execution of the contract above mentioned, amounts to about the sum of $1505.80."

If a corporation could enter into a partnership, the allegations of the petition, doubtless, indicate that a partnership was formed between appellant and appellee, and that the object of this suit was to have an accounting between the partners. It is the rule, however, that a corporation can not form a partnership with an individual or with another corporation, unless it should have the power to enter into such partnership granted in express terms by its charter. But where an attempt has been made to enter into such partnership, the rules as to accounting between the partners will be applied, and a court of equity would not permit the value of the services or the property to be taken from the individual because the corporation could not legally enter into a partnership. Van Keuren v. Manufacturing Company, 13 N. J. Eq., 302.

It is the general rule that no interest is allowed on partnership accounts prior to the time when the accounting is had and the balances ascertained, but where an accounting is delayed through misconduct or fraud, the partner guilty of such misconduct or fraud will be charged with interest for the time an accounting has been thereby delayed.

There being no statement of facts, the only question that presents itself is as to whether the allegations form a basis for charging interest before the accounting took place. It is alleged in the petition that the amount claimed became due on April 22, 1899, and further, "that although frequently requested so to do by plaintiff, the defendant has failed and refused, and still fails and refuses, to render plaintiff a true, correct and full statement of the accounts pertaining to the operation of said tannery, but has only rendered a partial, incomplete and incorrect account of the same, and wrongfully claims that plaintiff is indebted to it and has refused, and now refuses, to pay the plaintiff any sum whatever." The allegations are sufficient to admit proof of misconduct, and in the absence of a statement of facts the presumption will be indulged that the evidence sustained the verdict.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.