Hidalgo et al., Peticionarios, *v.* Cuevas Zequeira, Juez de Distrito, Demandado, y Cruz, Interventor.

Solicitud para que se expida un auto de *certiorari* al Juez de la Corte de Distrito de Humacao en un procedimiento sobre aprobación de exposición del caso.

No. 207.—Resuelto en diciembre 24, 1917.

Exposición del Caso—Facultades del Juez Sentenciador para Corregir Errores Después de Archivada en la Corte de Apelación.—Un juez sentenciador tiene, aun después de archivada la transcripción en apelación, facultades para corregir una exposición del caso de modo que exponga la verdad.

Los hechos están expresados en la opinión.

Abogados de los peticionarios: *Sres. M. Tous Soto y R. Arce Rollet.*

El Juez demandado no compareció.

Abogado del interventor: *Sr. Luis Mendín.*

El Juez Asociado Sr. Hutchison, emitió la opinión del tribunal.

En un caso intitulado *Luis Cruz v. John Doe y Richard Roe,* la Corte de Distrito de Humacao aprobó, en 26 de abril de 1917, una exposición del caso con determinadas enmiendas que fueron propuestas.

En 14 de mayo se sometió a la corte una segunda exposi-

ción sin notificarse a la parte contraria, y al día siguiente el juez sentenciador la certificó como verdadera y correcta.

El letrado de los apelados nada supo de esto hasta el momento en que le servieron la transcripción de los autos, por lo que compareció, primero ante esta corte y luego ante la de distrito, alegando que la segunda exposición, tal como fué aprobada por el juez sentenciador, no contenía las enmiendas cuya inclusión habíase ordenado, y suplicando se corrigiesen los autos a este respecto.

El apelante se opuso a la moción presentada en esta corte, por falta de jurisdicción, citando el caso de *Benet* v. *Hernández*, 22 D. P. R. 494, y en la vista los apelados, aparentemente convencidos de su error, pidieron y obtuvieron permiso ·para desistir de la moción.

Al tiempo del desistimiento de la moción en esta corte, se discutió la cuestión ante el juez de distrito quien, al día siguiente, sin tratar siquiera de diferenciar en forma alguna el caso de *Benet* v. *Hernández,* sobre el que los apelados llamaron su atención, dictó la siguiente orden:

"Oídas ambas partes acerca de la presente moción, y apareciendo que la misma cuestión ha sido suscitada ante la Corte Suprema, a virtud de hallarse este pleito en grado de apelación ante aquel tribunal, se deniega lo solicitado por el demandado."

Parece bien claro que el juez sentenciador procedió basado en la teoría de que, a pesar de la regla enunciada por esta corte, carecía de facultades para actuar por razón de haberse radicado la transcripción de los autos para la apelación, aunque esto no aparece tan claramente de la propia orden como de los autos del presente recurso solicitando la revisión de la misma.

El criterio de esta corte según fué enunciado en el caso de *Benet* v. *Hernández* se resume en el primer párrafo del sumario, del modo siguiente:

"Cuando existe conflicto respecto al contenido de una exposición

del caso archivada en la corte de apelación, debe recurrirse al juez sentenciador para que lo dirima pues no obstante dicho archivo, tiene poder para cancelar su certificación puesta al pie de la misma, si se convenciere de que su acción fué errónea o realizada inadvertidamente.'' 22 D. P. R. 494.

En la obra Corpus Juris, tomo 4°., pág. 493, sección 2240, se dice que—

"En cuanto al poder de la corte inferior para enmendar, después de haberse archivado en la corte superior la transcripción de los autos o constancia de su entrega (*return*), salvo en casos de errores insignificantes o de mera forma, la jurisprudencia de los tribunales está en desesperanzado conflicto. Algunas cortes han sostenido que puede corregirse un error en la corte inferior aun después de entablada la apelación; y tal enmienda llega a formar parte de los autos de la corte de apelación desde el momento en que se archive en la misma, previo permiso obtenido a tal fin, y siempre y cuando que estuviere certificado, en debida forma. El derecho a enmendar después de establecido el recurso de apelación ha sido denegado en otras jurisdicciones.''

En ciertos casos bien considerados en que se sostiene la afirmativa se ha dicho que—

"Si bien es cierto que una corte de circuito pierde su jurisdicción sobre un caso por virtud del recurso de apelación, retiene, sin embargo, facultad suficiente sobre sus propios expedientes para autorizarla a dictar una orden *nunc pro tunc* a fin de corregir un pliego de excepciones de modo que exponga la verdad. Que este camino es el propio se evidencia por aquella teoría de que solamente debe y de hecho puede propiamente corregirse un error allí donde se cometió. (*Johnston* v. *Ragan*, 178 S. W. 159.) La facultad para ultimar unos autos es una de aquellas que en manera alguna depende de la existencia, en la persona o cuerpo que ha de ultimar dichos autos, de jurisdicción sobre la acción que originó los autos. La persona que actúa como juez sentenciador está facultado para ultimar un expediente después de haber cesado en sus funciones de juez. (*State* v. *Leggett,* 142 N. W. 974.) 'La cuestión envuelta es puramente una cuestión de práctica.' (*Bloch* v. *Sammons et al.*, 55 Pac. 438.) 'A pesar de que es la práctica corriente, y muy recomendable por

cierto, que sea el abogado del apelante quien prepare y someta el pliego de excepciones a la corte para su aprobación, sin embargo, (citando el código) * * * se presume que la corte conserva los autos del pleito y prepara el pliego de excepciones cuando el caso sea apelado; de lo que se deduce que, cualquiera que haya sido la causa de la inadvertencia, ante la ley ha sido un error de la corte que ha juzgado el caso, y, una vez que se le haya llamado la atención a la misma sobre el error, previa notificación en tiempo hecha a los interesados, la corte tiene facultades para corregir el pliego de excepciones y para ajustarlo a los hechos que se han querido incluir en el mismo.' (*McGregor* v. *Oregon R. & N. Co.*, 14 L. R. A., nueva Serie, 668.) 'Si por razón de alguna práctica indebida se obtuviese en un pliego de excepciones la firma del juez sentenciador, cuando éste no llegó a comprenderlo, ni tuvo la intención de firmarlo, * * * es de la competencia de la corte ante la que se celebró el juicio, a moción presentada a tal fin, el eliminarlo de los autos * * *. La corte sentenciadora tiene la facultad, en un procedimiento adecuado, previa prueba adecuada, de enmendar sus autos para que se ajusten a la verdad, aun cuando la jurisdicción del caso haya pasado a una corte de apelación.' (*East Line & Red River R. Co.* v. *Culberson*, 10 S. W. 706.) 'Puesto que la jurisdicción de las cortes de apelación, * * * tiene por objeto la corrección de los errores cometidos en el curso de los procedimientos antes de y relacionados con el pronunciamiento de la sentencia y está limitada a los autos tal como se formaron por la corte sentenciadora * * * es una cuestión de capital importancia en la administración de justicia la de que de los autos de las cortes sentenciadoras aparezca la verdad. Si han sido mutilados, falsificados, intervenidos y cambiados en tal forma que aparezca que hizo la corte sentenciadora lo que en realidad de verdad no efectuó, no estamos en condiciones de poder corregirlos; y de no corregirse en las cortes sentenciadoras, que tienen la custodia y jurisdicción sobre sus expedientes en tanto cuanto han sido por ellas formados, los mismos han de quedarse sin corregir y sufrir en apelación grave detrimento la justicia.' (*Johnston* v. *Arrendale*, 71 S. W. 44.) 'La corte sentenciadora tenía el derecho de hacer que los autos se ajustaran a la verdad, y que las objeciones en efecto levantadas y resueltas aparezcan del pliego de excepciones. Si en el primer pliego de excepciones se cometió algún error al relacionar los procedimientos entonces ante él, tenía derecho a corre-

girlo; y creemos que debemos presumir que el hacerlo mediante una orden y pliego sustituto estuvo bien hecho puesto que no se ha apelado de aquélla.'' (*Neville* v. *Miller,* 171 S. W. 1109.)

Véase también los casos de *Corralitos Co.* v. *Mackay,* 72 S. W. 624; *Harris* v. *Stark,* 110 S. W. 737; *Beaumont and G. N. R. R.* v. *Elliott,* 148 S. W. 1125.

. La doctrina sentada en los casos de *East Line & Red River R. Co.* v. *Culverson* y de *McGregor* v. *Oregon R. & N. Co., supra,* está adoptada por la obra Ruling Case Law sin citar otras autoridades, en el tomo 2°., pág. 150, sec. 123.

Aparte de cualquier distinción que pueda hacerse entre aquellas jurisdicciones donde se remita en apelación el expediente original y otras donde, como en Puerto Rico, el expediente se queda en la corte inferior,—siendo de la incumbencia y deber estatutorio del juez sentenciador, y no de la corte, de hacer en la exposición original aquellas correcciones que estimare prudente,—cualesquiera que fueren los méritos que pudieran encontrarse en el razonamiento técnico de los casos que sostienen que la corte inferior carece de semejante facultad después de archivada la transcripción en la corte de apelación, están más que contrapesados por las consideraciones de la justicia común y de la simplicidad, brevedad y diligencia en cuestiones de procedimiento.

La orden recurrida debe ser revocada y devolverse los autos para ulteriores procedimientos no inconsistentes con esta opinión.

*Anulada. la orden recurrida.*

Jueces concurrentes: Sres. Asociados Wolf y del Toro.

Los Jueces Sres. Presidente Hernández y Asociado Aldrey no intervinieron.