**H. C. LEWIS, Appellant,**

v.

**L. C. HILL, Appellee.**

**No. 375.**

Court of Civil Appeals of Texas.

Tyler.

June 20, 1968.

Evans, Pharr, Trout & Jones, Wm. H. Evans, Lubbock, for appellant.

Nelson, McCleskey & Harriger, Johnny R. Phillips, Lubbock, for appellee.

MOORE, Justice.

Plaintiff, H. C. Lewis, brought suit against L. C. Hill, defendant, for a release of a judgment theretofore rendered against him in Cause No. 46807, styled L. C. Hill vs. H. C. Lewis, in the 72nd District Court of Lubbock County.

Lewis alleged that although he tendered Hill the full amount due under the judgment, including costs and interest thereon from the date of the judgment rendered by the Court of Civil Appeals, Hill refused to execute a release and likewise refused to execute a deed to him to partnership property as provided for in the judgment. His prayer was for a release of the judgment and for an order requiring Hill to execute a deed to certain partnership property as provided for in the judgment. Hill resisted the suit on the ground that he was entitled to interest on the judgment from the date same was rendered in the District Court rather than the date of the judgment in the Court of Civil Appeals. He also resisted the suit because Lewis insisted on deducting all of the court costs incurred in the appellate court as a result of the appeal perfected by Lewis.

The controversy was submitted to the trial court upon an agreed stipulation of facts. A brief summary of the stipulations, as well as the other undisputed facts, shows Lewis and Hill were formerly engaged in a partnership. By mutual agreement, the parties agreed to dissolve the partnership. Lewis continued to operate the business. Thereafter, Hill filed a suit in the District Court of Lubbock County for the dissolution and accounting of the partnership assets. That suit was styled L. C. Hill vs. H. C. Lewis and was filed in the 72nd District Court of Lubbock County, Texas, under Cause No. 46807. That suit resulted in a judgment in favor of Hill for the sum of $41,551.82 which was dated February 24, 1966, however the

judgment failed to mention anything with regard to interest. Thereafter, Lewis perfected an appeal to the Court of Civil Appeals in Amarillo. Lewis contended on appeal that the judgment of the lower court was excessive in that it allowed Hill a recovery of a salary from the partnership in the amount of $16,187.50. The Court of Civil Appeals sustained his contention and reformed the judgment reciting in its opinion that the judgment of the District Court was "reversed and reformed by reducing the amount of recovery by Hill against Lewis by $16,187.50, and as so reformed, affirmed." The judgment as reformed by the court awarded Hill a recovery of $25,-364.32 and was dated November 28, 1966. The opinion of the Court of Civil Appeals is reported in 409 S.W.2d 946.

After the judgment of the Court of Civil Appeals had become final, Lewis paid all court costs in both the district and appellate courts and on January 24, 1967, tendered Hill the amount of the judgment with interest thereon at the rate of six per cent from the date of the judgment in the Court of Civil Appeals, less one-half of the costs incurred in the Court of Civil Appeals. The tender was conditioned upon Hill executing a release and a deed to the partnership property as provided for in the judgment. Hill refused to execute either the release or the deed upon the ground that he was entitled to interest from the date of the judgment in the District Court rather than the date of the judgment in the Court of Civil Appeals, and also on the ground that he was not responsible for any of the costs in the Court of Civil Appeals. As a result of the dispute, Lewis instituted the present suit in the Court below seeking a determination on the following questions:

(1) Whether L. C. Hill, defendant in the present cause, is entitled to interest on the judgment previously rendered in Cause No. 46807, in the 72nd District Court, Lubbock County, Texas, as reformed by the Court of Civil Appeals in Cause No. 7659, from the date of the judgment rendered in the trial court on February 24, 1966, until the date of tender, January 24, 1967, or whether Hill was entitled to interest only from the date of the judgment of the Court of Civil Appeals on November 28, 1966, until the date of the tender on January 24, 1967, and

(2) Whether or not Hill was responsible for all court costs incurred in the Court of Civil Appeals in Cause No. 7659.

After a trial before the court, without a jury, the trial court found that Hill was entitled to interest on the amount of the District Court judgment, as reformed, commencing on the date of the judgment, February 24, 1966. The trial court also found that Hill was responsible for all court costs incurred in the appellate court as a result of the appeal in the previous suit. Judgment was accordingly entered, from which both parties duly perfected this appeal.

Upon this appeal, Lewis contends that the trial court erred in allowing Hill interest on the judgment as reformed from the date same was entered in the District Court for two reasons. First, he says, that the trial court in the former suit at the request of Hill, required Lewis to restore the sum of $56,241.28 to the partnership bank account and enjoined him from using or diminishing such account pending final judgment. Upon final judgment the trial court ordered Hill's recovery to be paid from such fund. Therefore, Lewis argues that it would be inequitable to allow Hill to recover interest on his share of the partnership fund which Lewis was prohibited from using during the pendency of the suit. We think the contention is without merit.

The judgment in the former case specifically provided that "any and all relief not granted herein is specifically denied." It must therefore be assumed that if such relief was requested, it was specifically denied by the court as stated in the judgment. At any rate, the judgment in that case has long since become final and the

doctrine of res judicata would prevent us from considering any issue which could have been raised in the former trial. 34 Tex.Jur.2d, Sec. 450.

Secondly, Lewis takes the position that Hill is not entitled to any interest because the judgment failed to so provide, and that if he is entitled to interest, same would commence on the date of the final judgment in the Court of Civil Appeals and not on the date of the judgment in the District Court because the judgment in the Court of Civil Appeals was the only final judgment in the case. In this connection, he argues that because the Court of Civil Appeals recited in its opinion that the judgment of the lower court was "reversed and reformed * * * and as so reformed, affirmed", the action of the appellate court was tantamount to a reversal of the entire judgment and the entry of a new judgment for the sum of $25,364.32, rather than the sum of $41,551.82 as entered by the District Court. Therefore, he contends that since the judgment of the Court of Civil Appeals was the only final judgment in that cause, if Hill is entitled to any interest, he is only entitled to same from the date of the judgment in the Court of Civil Appeals. We do not agree.

While the prior judgment in the District Court failed to make reference to interest, we think the judgment would nevertheless bear interest at the rate of six per cent per annum by reason of the statutory law of this state.

Article 5072, Vernon's Ann.Tex.Civ.St., provides as follows:

"All judgments of the courts of this State shall bear interest at the rate of six per cent per annum *from and after the date of the judgment,* * * *." (Emphasis supplied).

■ The Uniform Partnership Act provides that when any partner retires or dies, and the firm business is continued without any settlement of accounts with him or his estate, he or his legal representatives may, unless otherwise agreed, have set off to him the value of his interest in the dissolved partnership with interest, or, at his or his representatives' option, may receive in lieu of interest, the profit attributable to the use of his right in the property in the dissolved partnership. Art. 6132b, Sec. 42, V.A.T.S. Hill asserted no claim in the previous suit to any of the profits attributable to the use of his right in the partnership property. Since he asserted no claim to any of the profits, by virtue of the foregoing statutes, Hill would be entitled to interest on the value of his share of the dissolved partnership even though the judgment failed to provide therefor. Carter v. McHaney (Tex.Civ.App.), 373 S.W.2d 82.

■ The general rule seems to be that interest will be allowed on the partnership accounts commencing when an accounting is had and the balance is ascertained. Hairston v. Richie (Tex.Civ.App.), 338 S.W.2d 263; Corralitos Co. v. Mackay, 31 Tex.Civ.App. 316, 72 S.W. 624. In this instance, it appears that the balance was finally ascertained when the District Court entered a judgment in favor of Hill on February 24, 1966. We cannot agree with appellant Lewis's contention that the only final judgment was that of the Court of Civil Appeals which was entered on November 28, 1966. As we view the opinion of the Court of Civil Appeals in the prior case, the court did not reverse the entire judgment, but reversed only that part of the trial court's judgment which granted Hill a salary in the amount of $16,187.50 and left standing that part of the judgment awarding Hill the sum of $25,364.32, for the value of his interest in the dissolved partnership. In other words, the judgment was reversed in part and affirmed in part. In effect, the judgment was affirmed for the reduced amount.

■ The general rule is that a judgment creditor is entitled to interest on the amount of the decree as reduced from the same date that interest would have run on the

original judgment if it had not been reduced, that is, normally from the date of the original judgment. Houston Gas & Fuel Co. v. Perry, 127 Tex. 106, 91 S.W.2d 1052; Illinois Cent. R. Co. v. Nelson, 245 Miss. 411, 148 So.2d 712, 4 A.L.R.3d 1217, 1223. Therefore, we believe that Hill is entitled to interest at the rate of six per cent per annum commencing on the date of the previous judgment in the District Court, as reformed, until the same is finally paid and satisfied.

By a cross-point, Hill contends that the trial court erred in charging him with all of the appellate court costs incurred in Cause No. 7659 as a result of the appeal perfected by Lewis.

It appears that both parties have briefed this point upon the assumption that the appellate court in Cause No. 7659 failed to adjudicate the question of appellate costs because the court failed to mention costs in its opinion.

This appeal was transferred to this court upon an equalization of the dockets from the Seventh Supreme Judicial District at Amarillo. Therefore, we are permitted to take judicial knowledge of the judgment rendered by that court in Cause No. 7659. The judgment recites as follows:

"It is further ordered, adjudged and decreed that the appellant, H. C. Lewis and his surety, Maryland Casualty Co., pay all costs in this behalf expended, * * *"

In view of the fact that the appellate costs have heretofore been adjudicated by the final judgment entered in said cause, the trial court had no authority to re-adjudicate the costs. The judgment of the Court of Civil Appeals apportioning the costs is conclusive by reason of the doctrine of res judicata. 34 Tex.Jur.2d, Sec. 450. Consequently, that portion of the judgment of the lower court awarding H. C. Lewis a recovery for all costs accruing as a result of the former appeal in Cause No. 7659 is hereby reversed and rendered

in favor of L. C. Hill. In all other respects, the judgment of the trial court is affirmed.

Affirmed in part and reversed and rendered in part.