**Leonard E. HOFFMAN, Jr., and
W. R. Sessions, Appellants,**

v.

**Frank LOVE, Jr., Appellee.**

**No. 8265.**

Court of Civil Appeals of Texas,
Texarkana.

May 20, 1975.

W. R. Sessions, Sessions & Sessions, Dallas, for appellants.

Edward J. Drake, Brady, Drake & Wilson, Dallas, for appellee.

CHADICK, Chief Justice.

A District Court of Dallas County, Texas, rendered the following judgment in case No. 79–663–D on September 14, 1972, viz:

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the lien of judgment of the Plaintiffs, Leonard E. Hoffman, Jr., and W. R. Sessions, abstracted in the Judgment Records of the County Clerk of Dallas County, Texas, vol. 156, page 155, be foreclosed upon and against the real estate and property at 4400 Beverly Drive, Highland Park, Texas, being Lot 12, in Block 133 of Highland Park West, 4th installment, an addition to the town of Highland Park in Dallas County, Texas, according to the map thereof recorded in vol. 3, page 349, Map Records of Dallas County, Texas to the extent of $21,750.00 and costs of sale and that the Sheriff of Dallas County shall in execution of this judgment take said property under this judgment and post same for sale and sell same at public sale in the same manner and under the same provisions and with the same formalities as otherwise provided by law for public sale of property by officers authorized to sell as under execution of judgment, and said sale shall be made by said Sheriff of Dallas County, Texas, in execution of this judgment and

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that out of the proceeds of said sale by said Sheriff of said property the sum and amount necessary and required to discharge a portion of Plaintiffs' judgment in the amount of $33,976.62 and costs of court in cause No. 51414–C in the 68th District Court of Dallas County, Texas, and interest on said principal sum of $33,976.62 at the rate of 6% per annum from July 14, 1960, until

paid less $300.00 credit to the extent and amount of $21,750.00 shall be so paid and applied after payment of costs of such sale and execution hereof and any proceeds of sale in excess of the sum necessary and required to pay the costs of sale and said property as herein ordered and $21,750.00 of said judgment, principal, interest and costs in favor of Plaintiffs herein against Robert P. Karll of the judgment lien foreclosed by this judgment shall be paid and delivered by the Sheriff to Frank Love, Jr., Intervenor in this cause, and costs of court other than costs of sale herein are all taxed against the Defendants, Robert P. Karll and Mozelle L. Karll and credit on the judgment of Plaintiffs against Robert P. Karll herein foreclosed from sale of said property shall be applied first to costs, then interest and then principal and the balance of said judgment after credit as herein decreed shall remain due, owing and undischarged against Robert P. Karll in favor of plaintiffs as decreed in said cause 51414–C for all of which judgment and foreclosure herein, let execution and process to carry out said judgment issue." On appeal according to stipulations on file, this judgment was modified by adding thereto a provision that Frank Love, Jr. be permitted thirty days after the mandate of the Court of Civil Appeals was filed in the trial court to ". . . pay into the court or to plaintiffs the amount of their judgment to the extent of the $21,750.00 excess found by the trial court, and upon such payment, intervenor's title is quieted as against any further claim by plaintiffs. If such amount is not paid within that time, then the judgment of the trial court as originally entered shall be carried out." The opinion of the Court of Civil Appeals casts doubt upon the propriety of some aspects of the judgment but the opinion explains that the limited scope of the appeal would not permit review or revision of the questioned provisions. Hoffman v. Love, 494 S.W.2d 591 (Tex.Civ.App. Dallas 1973, writ ref'd n. r. e.). As modified by the Court of Civil Appeals the judgment of the trial court became final on September 19, 1973.

Thereafter, on November 20, 1973, Frank Love, Jr., as plaintiff, instituted this declaratory judgment action naming Leonard E. Hoffman II and W. R. Sessions as defendants. Hoffman and Sessions answered; and in response to allegations that Hoffman had assigned his interest in the judgments rendered in case No. 79–663–D and No. 51414–C, acknowledge that such interest had been assigned to his children, all above eighteen years of age, namely, Leonard E. Hoffman III, Paul F. Hoffman, C. Gretchen Hoffman, Sally F. Hoffman. Such children entered their appearance and answered to the plaintiff's petition and aligned themselves as parties with the defendants Hoffman and Sessions. Reference hereafter to Hoffman and Sessions should be understood to include the named Hoffman children. At conclusion of the trial of the declaratory action, judgment was entered June 20, 1974, containing among its provisions an adjudication and declaration that no interest was recoverable on the judgment in case No. 79–663–D or ". . . with respect to the sum of $21,750.00 . . .". Hoffman and Sessions have perfected an appeal. The judgment of the trial court is affirmed.

The appellants' brief contains three points of error but the merit of the appeal is rested upon this proposition:

"Appellants are entitled to interest at six percent (6%) on their judgment [in case No. 79–663–D] under Article 5069–1.05 Texas Civil Statutes and the errors of the Court complained of result from denial by the Trial Court of such right by his judgment herein." (Bracketed language added). The parties' pleadings joined issue upon equitable and other grounds. Stipulations were made but the agreement is not in accord with Texas Rules of Civil Procedure 263 and this is not an agreed case as contemplated by that rule.

In speaking of interest as the compensation allowed by law for the use or forbearance or detention of money, Vernon's Tex.Rev.Civ.Stat.Ann. art. 5069–1.03 pro-

vides that all judgments of the courts of this State shall bear interest at the rate of six percent per annum from the date of the judgment. The language of the statute is plain and clear. Except for slight change in wording relative to contractual interest, the statute is in all respects identical with its predecessor, Tex.Rev.Civ.Stat. Ann. art. 5072. The former statute has been consistently construed as authorizing interest, as a legal incident of the statute, on judgments at the rate of six percent per annum, though the judgment makes no reference to recovery of interest. Carter v. McHaney, 373 S.W.2d 82 (Tex.Civ.App. Corpus Christi 1963, no writ); Lewis v. Hill, 429 S.W.2d 572 (Tex.Civ.App. Tyler 1968, no writ); Broadway Drug Store of Galveston, Inc., v. Trowbridge, 435 S.W.2d 268 (Tex.Civ.App. Houston 14th Dist.1963, no writ); 1 Freeman on Judgments, Section 85.

The appellee urges affirmance on the ground that interest should not be awarded in the absence of pleading and proof of entitlement thereto. The following cases are cited: Berryman v. Norflect, 41 S.W.2d 722 (Tex.Civ.App. Amarillo 1931, writ dism'd); Pereira v. Gulf Electric Company, 343 S.W.2d 334 (Tex.Civ.App. Waco 1960, writ ref'd n. r. e.); Gulf States Paint Company v. Kornblee Company, Inc., 390 S.W.2d 356 (Tex.Civ.App. Texarkana 1965, writ ref'd n. r. e.); San Antonio A. P. Ry. Co. v. Collins, 61 S.W.2d 84 (Tex.Com. App.1933, opinion adopted). These and similar cases are concerned with recovery of interest that accrued prior to trial or is recoverable as damages. On this subject see 1 McDonald Texas Civil Practice, Section 1.11. The interest under consideration in this appeal is of a different character.

This case is concerned with the interest an award bears after final judgment and before satisfaction thereof. Compare City of San Antonio v. Alamo Nat. Bank, 155 S.W. 620 (Tex.Civ.App. San Antonio 1913, writ ref'd); Lewis v. Hill, supra. The interest on the judgment in such case is to compensate for the detention of money from the time it became due until the time the judgment is paid. The purpose of Article 5069–1.05 is to set the rate of interest a money award bears under such circumstances.

The record in this case does not show when the judgment as modified in case No. 79–663–D matured, if it did, into a money award. Pertinent to such conclusion is the circumstance that the record does not contain the judgment of the Court of Civil Appeals modifying and affirming the trial court's judgment nor the date the appellate court's mandate was filed in the trial court. However an extract pertaining to modification from the appellate court opinion is set out in the stipulations of the parties. The extract recites that Frank Love, Jr. would be permitted thirty days after the Court of Civil Appeals mandate was filed in the trial court to " . . . pay into the court or to plaintiffs the amount of their judgment to the extent of the $21,750.00 . . .". The stipulations in their entirety may be fairly construed as agreeing that the Court of Civil Appeals judgment allowed Love to make such payments. But if it be considered as proved that the appellate court's judgment complied in detail with such court's opinion such fact is of little aid as the record does not show when the mandate was filed in the trial court. On analysis the stipulations do not show a recovery of money was awarded. Frank Love, Jr., was not adjudged to pay any sum of money. Love was obligated only when and if he timely elected to pay Twenty-One Thousand Seven Hundred Fifty Dollars and be quieted in his title. No personal judgment was rendered against him. The record shows he conditionally tendered such amount on two occasions but it does not show such tenders were timely, that is, within thirty days after the Court of Civil Appeals mandate was filed in the trial court. Thus, the record does not show that by election or

**506**

otherwise Frank Love, Jr. became liable to pay a money judgment or that interest accrued upon an award he elected or was adjudged to pay.

As demonstrated, the trial court did not err in failing to award interest in accordance with the terms of Article 5069–1.05 on the judgment in case No. 79–663–D. The validity of the trial court judgment is not questioned except as to the interest feature. No reversible error is shown. Appellants' motion for rehearing is granted. The opinion of this court dated April 29, 1975, is withdrawn and this opinion substituted for it. The judgment of the trial court is affirmed.