NO. 12-09-00189-CV

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

LARRY T. LONG, L. ALLAN
LONG,        §                      APPEAL FROM THE FOURTH

AND B. VIRGINIA LONG, IN
THEIR

CAPACITY AS TRUSTEES OF THE

LAWRENCE ALLAN LONG TRUST,

THE CHARLES EDWARD LONG
TRUST,

THE LARRY THOMAS LONG TRUST

AND THE JOHN STEPHEN LONG

TRUST D/B/A THE LONG
TRUSTS,         §                      JUDICIAL DISTRICT COURT 

APPELLANTS

 

V.                                                                    

 

CASTLE TEXAS PRODUCTION

LIMITED PARTNERSHIP,

APPELLEE                                                   §                      RUSK
COUNTY, TEXAS







OPINION

Larry
T. Long, L. Allan Long, and B. Virginia Long, in their capacity as trustees of
the Lawrence Allan Long Trust, the Charles Edward Long Trust, the Larry Thomas
Long Trust, and the John Stephen Long Trust d/b/a the Long Trusts (collectively
the Long Trusts) appeal from the judgment of the trial court.  In their sole
issue, the Long Trusts challenge the trial court’s determination of the accrual
date for postjudgment interest.  We affirm.

Background

            The
Long Trusts sued Castle Texas Production Limited Partnership (Castle) in 1996.[1]  Castle thereafter filed a
counterclaim against the Long Trusts.  After a jury trial, the trial court
signed its final judgment on September 5, 2001 (the 2001 judgment).  The Long
Trusts prevailed and Castle prevailed on its counterclaim.  Castle appealed to
this court, and the Long Trusts cross-appealed.  See Castle Tex. Prod.
Ltd. P’ship v. Long Trusts, 134 S.W.3d 267 (Tex. App.—Tyler 2003, pet.
denied).  We reversed and remanded the trial court’s judgment on the Long
Trusts’ claims.  As to Castle’s counterclaim, the claim that we are concerned
with in this appeal, we suggested a remittitur on attorney’s fees and damages. 
Castle complied.  We then reformed the trial court’s judgment, and affirmed the
judgment as reformed.  Additionally, we instructed the trial court to sever
Castle’s counterclaim, and by limited remand, ordered the trial court to
properly calculate prejudgment interest.  After the severance on remand, and
after the denial of Castle’s petition for writ of mandamus in this court,[2]
Castle affirmatively waived any claim for prejudgment interest at a hearing on
March 25, 2009.  During that hearing, the trial court rendered another
judgment, signing it on the same day (the 2009 judgment).  This judgment
ordered that Castle recover postjudgment interest from September 5, 2001, the
date of the original judgment.  The Long Trusts appealed.

 

Postjudgment Interest

            In
their sole issue, the Long Trusts contend that postjudgment interest began to
accrue on March 25, 2009, the date of the most recent judgment,[3] instead of September 5, 2001,
the date of the original judgment, as found by the trial court.

Standard
of Review and Applicable Law

Postjudgment
interest is regulated by statute, and as such, its application is a question of
law that we review de novo.  See Advanced Messaging Wireless, Inc. v.
Campus Design, Inc., 190 S.W.3d 66, 71 (Tex. App.—Amarillo 2005, no
pet.) (citing Columbia Medical Center v. Bush ex rel. Bush, 122
S.W.3d 835, 865 (Tex. App.—Fort Worth 2003, pet. denied)).

 Postjudgment
interest is recoverable on any money judgment in this state as long as the
judgment specifies the postjudgment interest rate.  Tex. Fin. Code Ann. § 304.001 (Vernon 2006).  Postjudgment
interest is compensation allowed by law for the use or detention of money,
computed from the date of rendition of judgment until the date of
satisfaction.  Sisters of Charity of the Incarnate Word v. Dunsmoor,
832 S.W.2d 112, 119 (Tex. App.—Austin 1992, writ denied); see also Tex. Fin. Code Ann. § 304.005(a)
(Vernon 2006).  Generally, a judgment is “rendered” when the decision is
officially announced orally in open court, by memorandum filed with the clerk,
or otherwise announced publicly.  Garza v. Tex. Alcoholic Beverage Comm’n,
89 S.W.3d 1, 6 (Tex. 2002). 

Discussion

The
Long Trusts argue that when we ordered the trial court to sever Castle’s
counterclaim and determine the prejudgment interest issue, the September 5,
2001 judgment became interlocutory.  In other words, they urge that the
September 5, 2001 judgment lost its status as a final judgment and the monetary
award became uncertain.  Because of this procedural posture, the Long Trusts contend,
postjudgment interest did not begin to accrue until the trial court rendered
its second judgment on March 25, 2009—the day that Castle affirmatively waived
its entitlement to prejudgment interest in open court.[4] 

Castle
argues that our opinion in Lewis v. Hill controls the
disposition of this case.  Lewis v. Hill, 429 S.W.2d 572 (Tex. Civ.
App.—Tyler 1968, no writ).  In that case, Hill brought suit against Lewis for
dissolution of their partnership.  Id. at 573.  Hill prevailed
and obtained a judgment in the amount of $44,551.82.  Id.  Lewis
appealed contending that $16,187.50 of the award to compensate Hill for salary
payments was erroneous. The Amarillo court of appeals agreed, reduced the total
award to $25,364.32, and affirmed the judgment as reformed.  Id. at
574.  Thereafter, Lewis paid Hill the judgment amount, but calculated
postjudgment interest from the date of the appellate court’s judgment, not the
date of the trial court’s original judgment.  Id.  Consequently,
Hill refused to release the judgment on the ground that Lewis failed to pay the
total amount due for postjudgment interest.  Id.  A second suit
was filed, this time by Lewis.  Id.  The trial court held that
postjudgment interest ran from the date of the trial court’s original judgment
in the first suit, not from the date of the Amarillo court of appeals’
opinion.  Id.  On appeal, this court agreed,[5]
concluding as follows: 

 

The general rule is that a judgment creditor is
entitled to [postjudgment] interest on the amount of the decree as reduced from
the same date that interest would have run on the original judgment if it had
not been reduced, that is, normally from the date of the original judgment. 
[Citations omitted.]  Therefore, we believe that Hill is entitled to
[postjudgment] interest . . . commencing on the date of the
previous judgment in the District Court, as reformed, until the same is finally
paid and satisfied. 

 

 

Id.
at 575.  Likewise, other courts have held that if an appellate court reverses a
judgment for one party and enters judgment for the other party, the prevailing
party on appeal is entitled to interest on the judgment from the date of the
erroneous judgment in the trial court.  See, e.g., Thornal v. Cargill,
Inc., 587 S.W.2d 384, 384-85 (Tex. 1979).

The
Long Trusts argue that Lewis does not control because in Lewis,
the judgment was, in effect, affirmed in part and reversed and rendered in part. 
Consequently, no issues remained after appeal.  The Long Trusts point out that,
in contrast to Lewis, the instant case was affirmed in part and
reversed and remanded in part.  It is the limited remand for calculation of
prejudgment interest that the Long Trusts argue is a key procedural
difference.  They assert that this remand essentially rendered the 2001
judgment “un-final” or interlocutory, and thus prohibited Castle’s recovery of
postjudgment interest from the date of that judgment.  However, we have
previously addressed this issue and held contrary to the Long Trusts’
position.  See State Dep’t of Highways & Pub. Transp. v. City of
Timpson, 795 S.W.2d 24 (Tex. App.—Tyler 1990, writ denied).  

In
Timpson, the plaintiff (Pruitt) was injured after striking a
pothole on his motorcycle.  He sued the City of Timpson and the State for the
defect.  Id. at 25.  The State filed a cross action for
contribution against Timpson.  Id.  At the close of the State’s
case, the trial court directed a verdict for Timpson on the cross action.  Id. 
Timpson settled with Pruitt.  Id.  The jury awarded
damages and apportioned negligence 100% to the State.  Id.  The
State appealed, and we affirmed as to the State’s liability and the amount of
damages.  Id.  However, we remanded the case “for trial only of
the issues of the comparative negligence of the State and the City.”  Id. 
In other words, we affirmed the trial court’s judgment, but remanded
for the limited purpose of determining the apportionment of damages, a factual
issue requiring a limited trial. On remand, after conducting the retrial of
comparative negligence, the trial court awarded postjudgment interest from the
date of its new judgment.  Id.  Pruitt appealed, arguing that
postjudgment interest accrued from the original judgment.   Id. at
27.  We held as follows:

 

The case was remanded with instructions to the trial
court to determine the single issue of the comparative negligence of the State
and City, and to reduce the amount of damages awarded to Pruitt in the first
proceeding by the percentage of the City’s negligence.  Interest on the revised
judgment should run from the date of the original or erroneous judgment.

 

Id. 

            Simply
stated, the general rule is that after examining the entire procedural history
of a dispute, a party that ultimately prevails is entitled to
postjudgment interest from the date the original judgment was rendered,
irrespective of whether the original judgment was erroneous, because that is
the date upon which the trial court should have rendered a correct judgment.  See
id.  In the instant case, the original judgment was issued on
September 5, 2001.  We affirmed that judgment in Castle’s favor on July 31,
2003,[6]
but remanded for the limited purpose of determining the correct amount of
prejudgment interest.  Whether the remand on prejudgment interest created a
fact issue or required a limited retrial was immaterial to the accrual of postjudgment
interest.  See id.  

Castle
has been deprived of the use of the amounts awarded in the judgment favoring it
since 2001, a judgment we affirmed on appeal. Applying the reasoning in Timpson,
we hold that Castle is entitled to postjudgment interest from the date of the
original judgment, because that is consistent with the purpose of postjudgment
interest—to compensate for the use or detention of money from the date of the
judgment.  See id.  The Long Trusts’ sole issue is overruled.

 

Disposition

            We affirm
the judgment of the trial court. 

 

 

                                                                   Brian
T. Hoyle

                                                                                            
 Justice

 

 

Opinion delivered December 30, 2010.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

(PUBLISH)











[1] The underlying factual scenario
is complicated and need not be repeated here.  Moreover, the underlying factual
basis for the claims by the parties is not relevant to this appeal, and the
facts will be discussed only as necessary to the disposition of this appeal.  For
a detailed recitation of the facts and the procedural history, see Castle
Tex. Prod. Ltd. P’ship v. Long Trusts, 134 S.W.3d 267 (Tex. App.—Tyler
2003, pet. denied), clarification denied, 161 S.W.3d 673 (Tex. App.—Tyler
2005, no pet.); In re Castle Tex. Prod. Ltd. P’ship, 157 S.W.3d
524 (Tex. App.—Tyler 2005, no pet.).

 





[2] See In re Castle Tex.
Prod. Ltd. P’ship, 189 S.W.3d 400 (Tex. App.—Tyler 2006, no pet.).

 





[3] The trial court issued its
“Final Judgment Nunc Pro Tunc” on October 1, 2009.   However, none of the
parties contend that postjudgment interest began to accrue on the date of that
judgment.

 





[4] In its reply brief, the Long
Trusts made the related argument that (1) postjudgment interest can be awarded only
on a “money judgment,” (2) a judgment is not a “money judgment” until
prejudgment interest is properly calculated, and (3) since we remanded Castle’s
counterclaim for the calculation of prejudgment interest, an issue for which we
later determined factual issues remained, the judgment did not become a money
judgment until prejudgment interest was waived during the March 25, 2009
hearing.  See Tex. Fin. Code Ann.
§ 304.005 (Vernon 2006); Tex. Fin. Code
Ann. § 304.002(a)(1), (7)-(8), (12).  Since these arguments are closely
related, we address them together. 





[5] Lewis’s appeal in the second
lawsuit was transferred and assigned to this court “upon an equalization of the
dockets from the Seventh Supreme Judicial District at Amarillo.”  Lewis,
429 S.W.2d at 576.





[6] We issued our judgment following
remittitur on August 20, 2003, but the operative date of our judgment is not at
issue in this appeal.