**STATE DEPARTMENT OF HIGHWAYS AND PUBLIC TRANSPORTATION, Appellant,**

v.

**CITY OF TIMPSON, Appellee.**

No. 12–89–00028–CV.

Court of Appeals of Texas, Tyler.

July 31, 1990.

Rehearing Overruled Sept. 14, 1990.

Mark Mann, Henderson, Grady Click, Patricia M. Charlton, Austin, for appellant.

John R. Smith, Center, for appellee.

BILL BASS, Justice.

This is a personal injury action before us for the second time. We affirm the judgment.

Pruitt was seriously injured when his motorcycle struck a pothole in State Highway 59 inside the city limits of Timpson. Pruitt sued both the State and the City. The State filed a cross-action for contribution against the City. During the first trial after Pruitt rested, the City settled with Pruitt for $10,000, and the trial court dismissed his action against the City. At the close of the State's evidence, the trial court directed a verdict for the City on the State's cross-action, and subsequently refused to submit the question of the City's negligence to the jury. The jury fixed Pruitt's damages at $172,000 and apportioned negligence 100% to the State.

On appeal, we concluded that the evidence raised the issue of the City's negligence, and that the trial court therefore erred in dismissing the State's cross-action against the City and in refusing to submit the question of the City's negligence to the jury. We set aside the jury finding that the State was 100% negligent, and remanded the cause to the trial court "for trial only of the issues of the comparative negligence of the State and the City."

On retrial the trial court realigned the parties naming the State as plaintiff and the City as defendant. The jury apportioned negligence 60% to the State and 40% to the City. The trial court reduced the $172,000 verdict rendered in the first trial by the City's percentage of negligence and rendered judgment for Pruitt for $103,200.

■ In its first point of error, the State contends that the trial court erred in allowing Pruitt to participate in the trial of the issue of the comparative negligence of the State and the City

[B]ecause Pruitt was not a party to the cross-claim for contribution, a separate and independent cause of action from the original cause in which Pruitt was plaintiff, and, consequently, had no justiciable interest in the subject matter of the trial and, therefore, no standing to participate in the trial.

The State stresses that after the remand and the realignment of the parties, Pruitt filed no pleading. It is the State's position that unless the plaintiff files some additional pleading to establish himself as a party in the trial of the cross-claim, he has no standing to participate in the trial.

At the time the case was first tried, the Civil Practice and Remedies Code required that contribution claims between named defendants be determined in the primary suit. It was also required that a settling tortfeasor be retained in the suit if its negli-

gence was to be submitted to jury. *Deal v. Madison*, 576 S.W.2d 409 (Tex.Civ.App.— Dallas 1978, writ ref'd n.r.e.). This was the rule even though the settlement released the settling defendant from whatever portion of the final judgment might be attributable to it, and extinguished any right of contribution from it.

Although the State insists that its cross-claim was a separate and independent action for contribution, its cross-claim was neither separate nor independent. And strictly speaking, after the City's settlement with Pruitt, it was no longer even an action for contribution, but a plea that its liability, if any, be reduced by the percentage of negligence apportioned to the City by the jury. The cause was remanded because the State was deprived of its right to have the City's negligence determined by the jury and its own liability reduced proportionately. It was remanded on only the one issue of the comparative negligence of the State and City. The second trial on this issue was but a continuation of the original or primary proceeding.

The controlling purpose of a trial is to correctly and finally determine the disputed issues between the litigants. *Southern Underwriters v. Kelly*, 110 S.W.2d 153 (Tex.Civ.App.—Texarkana 1937, writ dism'd w.o.j.). It assumes the active participation of the parties who dispute the issue requiring trial. The outcome of a proceeding in which the presentation of the facts was restricted to two parties, one of whom had absolutely no interest in the result, would be as predictable as it would be unreliable. A trial in our legal system assumes a genuinely adversarial proceeding. Once having settled with Pruitt, the City's liability in the matter was extinguished, it could not be affected by the outcome and its interest was therefore no longer adverse to that of the State. It would defy common sense to deny Pruitt standing to participate in the trial of an issue that would affect how much in damages he would receive while reserving the litigation of that question to a present and a former antagonist. The trial court did not err in allowing Pruitt to participate in the trial of the issue of the comparative negligence of the State and City. The State's first point is overruled.

■ In its second point of error, the State maintains that the trial court erred in overruling its motion for directed verdict, because the evidence conclusively established that 100% of the negligence was attributable to the City.

After the State presented its case in chief demonstrating that the City was entirely to blame for the accident, the City predictably rested without presenting any evidence or even cross-examining any of the State's witnesses.

The State's position is that "if the trial had ended as it should have after the State and the City rested," the evidence would have conclusively established that the City was 100% responsible for the accident, and an instructed verdict to that effect was therefore appropriate.

However, the trial judge correctly permitted Pruitt to present evidence. That evidence constituted at least some evidence, amounting to more than a scintilla, that some percentage of negligence should be apportioned to the State, and a directed verdict would have been improper. *Collora v. Navarro*, 574 S.W.2d 65 (Tex.1978).

■ In points three and four the State insists that the trial court erred in overruling the State's motion for new trial, because the evidence is factually insufficient to support the jury's findings that 40% of the negligence should be apportioned to the City, and 60% to the State.

In reviewing insufficient evidence points, the appellate court must consider all of the evidence to determine if the challenged finding is so against the great weight of the evidence as to be manifestly wrong or unjust. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965).

The State's argument on these points also assumes that all of the evidence presented by Pruitt was improperly admitted and must be disregarded in our analysis of the record. However, Pruitt's evidence was properly admitted and must be considered. After considering all the evidence, both that which supports and that which is contrary to the findings, we con-

clude that the evidence is factually sufficient to support the jury's findings. The State's points three and four are overruled.

 Pruitt has appealed complaining that the trial court erred in failing to award post-judgment interest from the date of the original judgment. The State moved to strike Pruitt's brief contending both in its motion and by way of reply point that Pruitt was not a party to the second proceeding and therefore had no right to seek appellate review or to file a brief.

Pruitt was a party to the trial and has a right to seek appellate review. The State's motion to strike Pruitt's brief is overruled and Pruitt's first point of error is sustained. The case was remanded with instructions to the trial court to determine the single issue of the comparative negligence of the State and City, and to reduce the amount of damages awarded to Pruitt in the first proceeding by the percentage of the City's negligence. Interest on the revised judgment should run from the date of the original or erroneous judgment. *Hall v. Hard,* 355 S.W.2d 257 (Tex.Civ.App.—Fort Worth 1962, writ ref'd n.r.e.); *Copper Liquor v. Adolph Coors,* 701 F.2d 542 (5th Cir.1985).

The judgment of the trial court is reformed as follows: Interest on the judgment of 10% per annum shall run from February 20, 1987. As reformed, the judgment is affirmed.