NO. 07-10-0061-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 2, 2010

_____


DALE BRAMLETT, INDIVIDUALLY AND AS INDEPENDENT
ADMINISTRATOR OF THE ESTATE OF VICKI BRAMLETT, DECEASED;
SHANE FULLER AND MICHAEL FULLER, APPELLANTS

V.

BENNY P. PHILLIPS, M.D., APPELLEE

_____

FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2003-522,183; HONORABLE WILLIAM C. SOWDER, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**OPINION ON MOTION FOR REHEARING**

At issue here is the authority of an intermediate appellate court to review the

judgment entered by a trial court after the Texas Supreme Court has remanded the

case to the trial court for the entry of a judgment "consistent" with the opinion of the

Supreme Court. Appellee, Benny P. Phillips, M.D., takes the position that the Supreme

Court's jurisdiction is *exclusive,* whereas Appellants, Dale Bramlett, Individually and as Independent Administrator of the Estate of Vicki Bramlett, Deceased; Shane Fuller and Michael Fuller, take the position that this Court has statutory jurisdiction. Believing this case to be one involving, in part, review of legal and factual determinations made by the trial court within the parameters of the mandate issued by the Supreme Court, we find that intermediate appellate review of those previously unresolved issues would be appropriate to the effective administration of justice. Accordingly, we reaffirm our denial of Appellee's motion to dismiss and we deny Appellee's motion for rehearing.

## Background

This is an appeal following the entry of a judgment in favor of Appellants in their medical malpractice cause of action against Appellee, following remand from the Texas Supreme Court. In the original appeal to this Court, the trial court's judgment was reversed, in part, and a take-nothing judgment was rendered in favor of Appellee on the issue of gross negligence and punitive damages; a remittitur was suggested on the issue of Shane and Michael's future pecuniary losses; and, in all other respects, the judgment of the trial court was affirmed. *See Phillips v. Bramlett,* 258 S.W.3d 158 (Tex.App.--Amarillo 2007) *rev'd,* 288 S.W.3d 876, 882 (Tex. 2009). Petition for review was granted by the Texas Supreme Court to consider the interrelationship between two provisions of the Medical Liability and Insurance Improvement Act of 1977, now

2

repealed. *See* Tex. Rev. Civ. Stat. Ann. art. 4590i.[1] The first provision, Section 11.02(a), capped the liability of a physician at a fixed amount, adjusted for inflation; whereas the second provision, Section 11.02(c), created an exception to this cap when the physician's insurer negligently fails to settle within the meaning of the *Stowers* Doctrine, that is, when the physician's insurer negligently fails to settle a claim within the limits of the physician's liability policy. *See generally, G.A. Stowers Furniture Co. v. Am. Indem. Co.,* 15 S.W.2d 544, 547 (Tex. Comm'n App. 1929, holding approved). Ultimately, the Supreme Court determined that both provisions could be given effect by conforming the judgment against the physician to Section 11.02(a)'s cap and reserving for another case any suit against the insurer under Section 11.02(c)'s *Stowers* exception. *Phillips v. Bramlett,* 288 S.W.3d 876, 882 (Tex. 2009). Accordingly, on March 6, 2009, the Supreme Court reversed the judgment of this Court and remanded the cause to the trial court for it to apply the cap and render judgment consistent with the opinion of the Supreme Court. *Id.* at 883.

Although the Supreme Court's opinion "reversed" the judgment of this Court, it did not address issues previously determined by this Court pertaining to the remittitur suggested on the issue of Shane and Michael's future pecuniary losses or the recovery of punitive damages. All motions for rehearing were denied and the Texas Supreme Court issued its mandate on September 29, 2009.

---

[1]Act of June 16, 1977, 65th Leg., R.S., ch. 817, § 11.02, 1977 Tex. Gen. Laws 2039, 2052 (formerly Tex. Rev. Civ. Stat. Ann. art. 4590i). Article 4590i was repealed by Act of June 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 847, 884.

After the Supreme Court issued its opinion, Appellants amended their petition to include claims against Appellee's insurance carrier, The Medical Protective Company of Fort Wayne, Indiana, Medical Protective Insurance Services, Inc., d/b/a The Medical Protective Company of Fort Wayne, Indiana (hereinafter "Med Pro"), and two adjusters, Dan Walston and Paul Rinaldi. Because Med Pro had filed a motion for rehearing before the Supreme Court,[2] Appellants contended that Med Pro was a party to the proceeding and they filed a motion requesting the trial court to compel Med Pro to appear and answer Appellants' allegations.

Both parties moved for judgment and a hearing on pending motions was heard on November 19, 2009. On December 1, 2009, the trial court signed a new judgment, the judgment the subject of this appeal. In rendering that judgment, the trial court omitted findings contained in the original judgment relevant to Appellants' amended pleadings and it implicitly denied Appellants' attempt to add additional parties. Furthermore, according to Appellant's allegations, in rendering judgment the trial court disregarded a post-original judgment Rule 11 agreement between the parties pertaining to the effective date for the computation of post-judgment interest. Additionally, the trial court made legal and factual decisions pertaining to the applicable date for computation of the statutory cap, as well as the applicable consumer price index to be applied in calculating the cap. Appellants' motion to modify, correct, or reform that judgment was subsequently overruled by operation of law.

---

[2]The Supreme Court ultimately treated the filing as an amicus brief.

Before filing this appeal, Appellants sought relief from the Supreme Court through a petition for writ of mandamus. The requested relief was denied without written opinion and this appeal followed.

Originally this Court denied Appellee's motion to dismiss for want of jurisdiction without written opinion. Upon consideration of Appellee's motion for rehearing, we requested Appellants to respond. Thereafter, Appellants did file a response and Appellee filed a reply to that response.

## Appellate Jurisdiction

If a judgment is reversed and the case is remanded to the trial court to have "some special judgment rendered by the court below," the appellate court retains jurisdiction until that particular judgment is entered and the mandate of the appellate court obeyed. *Wells v. Littlefield,* 62 Tex. 28, 30-31 (1884). This jurisdiction is not, however, exclusive. On remand, the filing of the appellate court's mandate with the trial court clerk vests the trial court with limited jurisdiction, as defined by the parameters of the mandate, to decide those issues specified in the appellate court's mandate. *V-F Petroleum, Inc. v. A. K. Guthrie Operating Co.,* 792 S.W.2d 508, 510 (Tex.App.--Austin 1990, no writ); *Texacally Joint Venture v. King,* 719 S.W.2d 652, 653 (Tex.App.--Austin 1986, writ ref'd n.r.e.).

5

Thus, to the extent that the mandate vests the trial court with jurisdiction, albeit limited, to determine legal and factual issues, the parties retain their right to appeal those determinations through the usual and customary process of appeal. Tex. Gov't Code § 22.220(a) (Vernon Supp. 2009).

If a trial court exceeds the limited jurisdiction granted by the mandate, the jurisdiction of the appellate court continues for the purpose of enforcing its order by the issuance of either a writ of prohibition or a writ of mandamus. *See Wells,* 62 Tex. at 31; *Dallas/Fort Worth Int'l Airport Bd. v. City of Irving*, 868 S.W.2d 750, 751 (Tex. 1993); *Curtis v. Nobles,* 588 S.W.2d 687, 690 (Tex.App.--Amarillo 1979, orig. proceeding). This right of review by writ of prohibition or writ of mandamus does not, however, deprive an intermediate appellate court of jurisdiction to review the decisions of the trial court which were made within the trial court's limited jurisdiction. *See Wall v. East Tex. Teachers Credit Union,* 549 S.W.2d 232 (Tex.App.--Texarkana 1977, writ ref'd) (appeal from judgment of the district court on remand from the Texas Supreme Court); *Peurifoy v. Wiebusch,* 174 S.W.2d 619, 621-22 (Tex.Civ.App.--El Paso 1943, no writ) (appeal from the judgment of the district court on remand from the Texas Supreme Court).

Therefore, where the Supreme Court reverses an earlier judgment and remands the case to the trial court for the rendition of a judgment "consistent" with the judgment of the Supreme Court, an intermediate appellate court has jurisdiction to review the decisions of the trial court which were made within the trial court's limited jurisdiction.

6

Appellee contends the Texas Supreme Court has exclusive jurisdiction to review the new judgment entered by the trial court on remand. Appellants contend the trial court erred in its legal determination of the rate and commencement date for post-judgment interest, as well as matters collateral to the Supreme Court's resolution of the *Stowers* issue. Because we believe Appellee has incorrectly construed the law pertaining to the exclusivity of the Supreme Court's jurisdiction, we reaffirm our denial of his motion to dismiss.

## Conclusion

Because the trial court had jurisdiction to enter judgment in this case, we have jurisdiction to review the decisions of the trial court. Appellee's motion for rehearing is denied.

Per Curiam