NO. 12-09-00189-CV

IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS

| | | |
|---|---|---|
| *LARRY T. LONG, L. ALLAN LONG,* | § | *APPEAL FROM THE FOURTH* |
| *AND B. VIRGINIA LONG, IN THEIR* | | |
| *CAPACITY AS TRUSTEES OF THE* | | |
| *LAWRENCE ALLAN LONG TRUST,* | | |
| *THE CHARLES EDWARD LONG TRUST,* | | |
| *THE LARRY THOMAS LONG TRUST* | | |
| *AND THE JOHN STEPHEN LONG* | | |
| *TRUST D/B/A THE LONG TRUSTS,* | § | *JUDICIAL DISTRICT COURT* |
| *APPELLANTS* | | |
| | | |
| *V.* | | |
| | | |
| *CASTLE TEXAS PRODUCTION* | | |
| *LIMITED PARTNERSHIP,* | | |
| *APPELLEE* | § | *RUSK COUNTY, TEXAS* |

*OPINION*

Larry T. Long, L. Allan Long, and B. Virginia Long, in their capacity as trustees of the Lawrence Allan Long Trust, the Charles Edward Long Trust, the Larry Thomas Long Trust, and the John Stephen Long Trust d/b/a the Long Trusts (collectively the Long Trusts) appeal from the judgment of the trial court. In their sole issue, the Long Trusts challenge the trial court's determination of the accrual date for postjudgment interest. We affirm.

BACKGROUND

The Long Trusts sued Castle Texas Production Limited Partnership (Castle) in 1996.[1] Castle thereafter filed a counterclaim against the Long Trusts. After a jury trial, the trial court signed its final judgment on September 5, 2001 (the 2001 judgment). The Long Trusts prevailed and Castle prevailed on its counterclaim. Castle appealed to this court, and the Long Trusts cross-appealed. *See* **Castle Tex. Prod. Ltd. P'ship v. Long Trusts**, 134 S.W.3d 267 (Tex.

---

[1] The underlying factual scenario is complicated and need not be repeated here. Moreover, the underlying factual basis for the claims by the parties is not relevant to this appeal, and the facts will be discussed only as necessary to the disposition of this appeal. For a detailed recitation of the facts and the procedural history, see **Castle Tex. Prod. Ltd. P'ship v. Long Trusts**, 134 S.W.3d 267 (Tex. App.—Tyler 2003, pet. denied), *clarification denied*, 161 S.W.3d 673 (Tex. App.—Tyler 2005, no pet.); **In re Castle Tex. Prod. Ltd. P'ship**, 157 S.W.3d 524 (Tex. App.—Tyler 2005, no pet.).

App.—Tyler 2003, pet. denied). We reversed and remanded the trial court's judgment on the Long Trusts' claims. As to Castle's counterclaim, the claim that we are concerned with in this appeal, we suggested a remittitur on attorney's fees and damages. Castle complied. We then reformed the trial court's judgment, and affirmed the judgment as reformed. Additionally, we instructed the trial court to sever Castle's counterclaim, and by limited remand, ordered the trial court to properly calculate prejudgment interest. After the severance on remand, and after the denial of Castle's petition for writ of mandamus in this court,[2] Castle affirmatively waived any claim for prejudgment interest at a hearing on March 25, 2009. During that hearing, the trial court rendered another judgment, signing it on the same day (the 2009 judgment). This judgment ordered that Castle recover postjudgment interest from September 5, 2001, the date of the original judgment. The Long Trusts appealed.

## POSTJUDGMENT INTEREST

In their sole issue, the Long Trusts contend that postjudgment interest began to accrue on March 25, 2009, the date of the most recent judgment,[3] instead of September 5, 2001, the date of the original judgment, as found by the trial court.

### Standard of Review and Applicable Law

Postjudgment interest is regulated by statute, and as such, its application is a question of law that we review de novo. *See **Advanced Messaging Wireless, Inc. v. Campus Design, Inc.**,* 190 S.W.3d 66, 71 (Tex. App.—Amarillo 2005, no pet.) (citing ***Columbia Medical Center v. Bush ex rel. Bush***, 122 S.W.3d 835, 865 (Tex. App.—Fort Worth 2003, pet. denied)).

Postjudgment interest is recoverable on any money judgment in this state as long as the judgment specifies the postjudgment interest rate. TEX. FIN. CODE ANN. § 304.001 (Vernon 2006). Postjudgment interest is compensation allowed by law for the use or detention of money, computed from the date of rendition of judgment until the date of satisfaction. ***Sisters of Charity of the Incarnate Word v. Dunsmoor***, 832 S.W.2d 112, 119 (Tex. App.—Austin 1992, writ denied); *see also* TEX. FIN. CODE ANN. § 304.005(a) (Vernon 2006). Generally, a judgment is "rendered" when the decision is officially announced orally in open court, by memorandum filed

---

[2] *See **In re Castle Tex. Prod. Ltd. P'ship***, 189 S.W.3d 400 (Tex. App.—Tyler 2006, no pet.).

[3] The trial court issued its "Final Judgment Nunc Pro Tunc" on October 1, 2009. However, none of the parties contend that postjudgment interest began to accrue on the date of that judgment.

with the clerk, or otherwise announced publicly. ***Garza v. Tex. Alcoholic Beverage Comm'n***, 89 S.W.3d 1, 6 (Tex. 2002).

**Discussion**

The Long Trusts argue that when we ordered the trial court to sever Castle's counterclaim and determine the prejudgment interest issue, the September 5, 2001 judgment became interlocutory. In other words, they urge that the September 5, 2001 judgment lost its status as a final judgment and the monetary award became uncertain. Because of this procedural posture, the Long Trusts contend, postjudgment interest did not begin to accrue until the trial court rendered its second judgment on March 25, 2009—the day that Castle affirmatively waived its entitlement to prejudgment interest in open court.[4]

Castle argues that our opinion in ***Lewis v. Hill*** controls the disposition of this case. ***Lewis v. Hill***, 429 S.W.2d 572 (Tex. Civ. App.—Tyler 1968, no writ). In that case, Hill brought suit against Lewis for dissolution of their partnership. ***Id.*** at 573. Hill prevailed and obtained a judgment in the amount of $44,551.82. ***Id.*** Lewis appealed contending that $16,187.50 of the award to compensate Hill for salary payments was erroneous. The Amarillo court of appeals agreed, reduced the total award to $25,364.32, and affirmed the judgment as reformed. ***Id.*** at 574. Thereafter, Lewis paid Hill the judgment amount, but calculated postjudgment interest from the date of the appellate court's judgment, not the date of the trial court's original judgment. ***Id.*** Consequently, Hill refused to release the judgment on the ground that Lewis failed to pay the total amount due for postjudgment interest. ***Id.*** A second suit was filed, this time by Lewis. ***Id.*** The trial court held that postjudgment interest ran from the date of the trial court's original judgment in the first suit, not from the date of the Amarillo court of appeals' opinion. ***Id.*** On appeal, this court agreed,[5] concluding as follows:

> The general rule is that a judgment creditor is entitled to [postjudgment] interest on the amount of the decree as reduced from the same date that interest would have run on the original judgment if it had not been reduced, that is, normally from the date of the original judgment. [Citations omitted.] Therefore, we believe that Hill is entitled to [postjudgment]

---

[4] In its reply brief, the Long Trusts made the related argument that (1) postjudgment interest can be awarded only on a "money judgment," (2) a judgment is not a "money judgment" until prejudgment interest is properly calculated, and (3) since we remanded Castle's counterclaim for the calculation of prejudgment interest, an issue for which we later determined factual issues remained, the judgment did not become a money judgment until prejudgment interest was waived during the March 25, 2009 hearing. *See* TEX. FIN. CODE ANN. § 304.005 (Vernon 2006); TEX. FIN. CODE ANN. § 304.002(a)(1), (7)-(8), (12). Since these arguments are closely related, we address them together.

[5] Lewis's appeal in the second lawsuit was transferred and assigned to this court "upon an equalization of the dockets from the Seventh Supreme Judicial District at Amarillo." *Lewis*, 429 S.W.2d at 576.

> interest . . . commencing on the date of the previous judgment in the District Court, as reformed, until the same is finally paid and satisfied.

*Id.* at 575. Likewise, other courts have held that if an appellate court reverses a judgment for one party and enters judgment for the other party, the prevailing party on appeal is entitled to interest on the judgment from the date of the erroneous judgment in the trial court. *See, e.g., **Thornal v. Cargill, Inc.***, 587 S.W.2d 384, 384-85 (Tex. 1979).

The Long Trusts argue that *Lewis* does not control because in *Lewis*, the judgment was, in effect, affirmed in part and reversed and rendered in part. Consequently, no issues remained after appeal. The Long Trusts point out that, in contrast to *Lewis*, the instant case was affirmed in part and reversed and remanded in part. It is the limited remand for calculation of prejudgment interest that the Long Trusts argue is a key procedural difference. They assert that this remand essentially rendered the 2001 judgment "un-final" or interlocutory, and thus prohibited Castle's recovery of postjudgment interest from the date of that judgment. However, we have previously addressed this issue and held contrary to the Long Trusts' position. *See **State Dep't of Highways & Pub. Transp. v. City of Timpson***, 795 S.W.2d 24 (Tex. App.—Tyler 1990, writ denied).

In *Timpson*, the plaintiff (Pruitt) was injured after striking a pothole on his motorcycle. He sued the City of Timpson and the State for the defect. *Id.* at 25. The State filed a cross action for contribution against Timpson. *Id.* At the close of the State's case, the trial court directed a verdict for Timpson on the cross action. *Id.* Timpson settled with Pruitt. *Id.* The jury awarded damages and apportioned negligence 100% to the State. *Id.* The State appealed, and we affirmed as to the State's liability and the amount of damages. *Id.* However, we remanded the case "for trial only of the issues of the comparative negligence of the State and the City." *Id.* In other words, we affirmed the trial court's judgment, but remanded for the limited purpose of determining the apportionment of damages, a factual issue requiring a limited trial. On remand, after conducting the retrial of comparative negligence, the trial court awarded postjudgment interest from the date of its new judgment. *Id.* Pruitt appealed, arguing that postjudgment interest accrued from the original judgment. *Id.* at 27. We held as follows:

> The case was remanded with instructions to the trial court to determine the single issue of the comparative negligence of the State and City, and to reduce the amount of damages awarded to Pruitt in the first proceeding by the percentage of the City's negligence. Interest on the revised judgment should run from the date of the original or erroneous judgment.

4

*Id.*

Simply stated, the general rule is that after examining the entire procedural history of a dispute, a party that *ultimately* prevails is entitled to postjudgment interest from the date the original judgment was rendered, irrespective of whether the original judgment was erroneous, because that is the date upon which the trial court should have rendered a correct judgment. *See id.* In the instant case, the original judgment was issued on September 5, 2001. We affirmed that judgment in Castle's favor on July 31, 2003,[6] but remanded for the limited purpose of determining the correct amount of prejudgment interest. Whether the remand on prejudgment interest created a fact issue or required a limited retrial was immaterial to the accrual of postjudgment interest. *See id.*

Castle has been deprived of the use of the amounts awarded in the judgment favoring it since 2001, a judgment we affirmed on appeal. Applying the reasoning in *Timpson*, we hold that Castle is entitled to postjudgment interest from the date of the original judgment, because that is consistent with the purpose of postjudgment interest—to compensate for the use or detention of money from the date of the judgment. *See id.* The Long Trusts' sole issue is overruled.

<u>DISPOSITION</u>

We *affirm* the judgment of the trial court.

<u>BRIAN T. HOYLE</u>
Justice

Opinion delivered December 30, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

---

[6] We issued our judgment following remittitur on August 20, 2003, but the operative date of our judgment is not at issue in this appeal.