# NO. 12-17-00178-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE: CASTLE TEXAS PRODUCTION LIMITED PARTNERSHIP, RELATOR* | § | |
| | § | *ORIGINAL PROCEEDING* |
| | § | |

---

## *MEMORANDUM OPINION*

Castle Texas Production Limited Partnership seeks mandamus relief from the trial court's decision to reopen the record to determine postjudgment interest.[1]  In a single issue, Castle contends that, by reopening the record, the trial court exceeded the bounds of the Texas Supreme Court's mandate in *Long v. Castle Tex. Prod. Ltd. P'ship*, 426 S.W.3d 73 (Tex. 2014).  We deny the petition.

## BACKGROUND

Castle operates gas wells in which the Long Trusts have an interest.  In 1996, the Long Trusts sued Castle for breach of a joint operating agreement and conversion.  Castle counterclaimed for amounts owed on joint interest billings.  Following a trial, Castle prevailed on its counterclaim.  In its first judgment, entered in 2001, the trial court awarded Castle prejudgment interest without specifying its calculation.  On appeal, this court remanded the case to the trial court to recalculate prejudgment interest because it appeared to have been incorrectly calculated.[2]

---

[1] The Respondent is the Honorable Clay Gossett, Judge of the 4th Judicial District Court, Rusk County, Texas.  The underlying proceeding is trial court cause number 96-123A, styled *Castle Tex. Prod. LP vs. The Long Trusts*.

[2] *See* *Castle Tex. Prod. Ltd. P'ship v. Long Trusts*, 134 S.W.3d 267, 288 (Tex. App.—Tyler 2003, pet. denied).

On remand, the trial court ordered the record be reopened. The trial court reasoned that there was insufficient evidence in the existing record to determine when the Long Trusts received the joint interest billings to adjudicate prejudgment interest under the joint operating agreement. In response to the trial court's decision, Castle waived its prejudgment interest claim in open court and the trial court entered a new judgment in 2009, which awarded Castle postjudgment interest from the original 2001 judgment. This Court affirmed that judgment.[3] The Long Trusts appealed to the Texas Supreme Court on the sole ground that accrual of postjudgment interest as of the date of the original judgment was improper.[4]

The Texas Supreme Court agreed with the Long Trusts, reversed this court's judgment, and remanded the case to the trial court to render judgment for Castle, with postjudgment interest to accrue "in accordance with this opinion."[5] On remand, the trial court issued a letter ruling that the record be reopened again for the court to "determine postjudgment interest including the accrual period." This original proceeding followed.

## PREREQUISITES TO MANDAMUS

Mandamus is an extraordinary remedy that is only available when the trial court has clearly abused its discretion and there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004). A clear abuse of discretion occurs when a trial court "reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). When a trial court fails to issue a judgment in accordance with the supreme court's mandate, an aggrieved party may seek a writ of mandamus. *Lee v. Downey*, 842 S.W.2d 646, 648 (Tex. 1992).

## COMPLIANCE WITH SUPREME COURT MANDATE

Castle contends the trial court exceeded the scope of the supreme court's mandate by directing the record be reopened to determine postjudgment interest, including the accrual

---

[3] *See **Long v. Castle Tex. Prod. Ltd. P'ship v. Long Trusts**, 330 S.W.3d 749 (Tex. App.—Tyler 2010), rev'd by **Long v. Castle Tex. Prod. Ltd. P'ship**, 426 S.W.3d 73 (Tex. 2014).

[4] *See **Long***, 426 S.W.3d at 77.

[5] *Id*. at 87.

period. It argues the supreme court's directive that the trial court "render judgment for Castle, with postjudgment interest to accrue in accordance with this opinion," means that the trial court was to do nothing more than revise its judgment to award postjudgment interest starting on the date the new judgment was entered on March 25, 2009, rather than from the date of the original 2001 judgment. In short, Castle argues that the trial court was merely to perform the ministerial act of changing only the commencement date for accrual of postjudgment interest.

The Long Trusts, however, argue that the supreme court's reversal of this court's opinion nullified the 2009 judgment and, consequently, it is within the trial court's discretion to reexamine all aspects of the postjudgment interest award. It argues that if the supreme court had only intended the trial court perform the ministerial act propounded by Castle, it could have done so itself or directed it be done by the appellate or trial court. Because the supreme court did not do so, the Long Trusts argue that the supreme court's opinion merely defines the methodology to determine the date in which postjudgment interest begins to accrue and directs the trial court, by remand, to determine if sufficient evidence in the record exists to correctly enter an award as to postjudgment interest. If the record is insufficient, the Long Trusts argue the trial court must reopen the record to admit the necessary evidence to enter a new correct final judgment. Both parties recognize that the crux of the dispute is an interpretation of the phrase "to render judgment for Castle, with postjudgment interest to accrue in accordance with this opinion."

## Applicable Law

When an appellate court affirms a trial court's judgment or renders the judgment the trial court should have rendered, that judgment becomes the judgment of both courts. *Cessna Aircraft Co. v. Aircraft Network, LLC*, 345 S.W.3d 139, 144 (Tex. App.—Dallas 2011, no pet.). Once the opinion and judgment of the appellate court have issued, the trial court loses the power to review, interpret, or enforce its prior judgment. *Id.* The trial court has no option but to observe and carry out the appellate court's mandate. *Id.*

If a judgment is reversed and the case is remanded to the trial court to render a certain judgment, the appellate court retains jurisdiction until that particular judgment is entered and the mandate is obeyed. *Id.*; *see also* **Bramlett v. Phillips**, 322 S.W.3d 443, 445-46 (Tex. App.—Amarillo 2010, no pet.). On remand, the filing of the mandate with the trial court vests the trial court with limited jurisdiction, as defined by the parameters of the mandate, to decide those issues specified in the mandate. *Cessna*, 345 S.W.3d at 144. When an appellate court remands a

3

case with specific instructions, the trial court is limited to complying with the instructions and cannot re-litigate issues controverted at the former trial. *Id.* The trial court's order carrying out the mandate is ministerial. *Id.* The scope of the mandate is determined with reference to both the appellate court's opinion and the mandate itself. *Id.*

With regard to issues on which an appellate court reverses a trial court's judgment, the trial court's judgment is nullified, leaving the judgment as to those issues as if it had never been rendered. *Id.* at 145. When a case is remanded, the trial court must determine whether it must reopen the record. *Long*, 426 S.W.3d at 81. If a trial court determines that it must reopen the record on remand to comply with an appellate court's decision, it should make that determination based upon the claims and record as of the time of the remand. *Id.* at 82. If a party believes the trial court erred in its determination of whether it must reopen the record, such a decision is reviewable on appeal of the final judgment the trial court enters. *Id.* at 81 n.14.

## Analysis

In this case, the sole issue before the supreme court was whether the trial court's 2009 judgment used the proper accrual date for postjudgment interest, particularly when a remand required further evidentiary proceedings. *Id*. at 77. On remand from this Court, the trial court ordered the record be reopened, and Castle subsequently waived its claim for prejudgment interest. At that point, the trial court entered a new judgment and chose the date of the original 2001 judgment as the accrual date for postjudgment interest. *Id*. We affirmed that ruling based on our previous holding in *State Dep't of Highways & Pub. Transp. v. City of Timpson*, 795 S.W.2d 24 (Tex. App.—Tyler 1990, writ denied). *See Long v. Castle Tex. Prod. Ltd. P'ship v. Long Trusts*, 330 S.W.3d 749 (Tex. App.—Tyler 2010), *rev'd by* 426 S.W.3d 73 (Tex. 2014). When the supreme court granted the petition to review our ruling, it had not addressed the accrual date for postjudgment interest when a trial court determines it must reopen the record for new evidence on remand and, thus, renders multiple judgments during the course of the suit. *Long*, 426 S.W.3d at 77. The only other court of appeals to address this specific issue ruled similarly with this court that the accrual date would commence as of the date of the original judgment. *Id*. at 84.

The supreme court examined Texas Rule of Appellate Procedure 43.3, its predecessor rule, and case law interpreting those rules. *Id.* In doing so, the court outlined the general rule that postjudgment interest accrues from the date of the judgment, which is the final judgment in a

case where the trial court issues multiple judgments.  *Id*. at 80.  An exception arises when the appellate court renders (or could have rendered) judgment, in which case postjudgment interest accrues from the date of the trial court's original, erroneous judgment.  *Id*.  But when an appeal instead results in a retrial or a remand for further proceedings *where new evidence is required*, postjudgment interest accrues from the trial court's subsequent judgment.  *Id*.  (emphasis added).

Applying this rule, the supreme court found that the trial court's decision to reopen the case resulted in the entry of a new correct judgment that controlled the commencement date for accrual of postjudgment interest.  *Id*. at 86.  Its conclusion stated, in pertinent part, as follows:

> Accordingly, postjudgment interest must accrue from the trial court's final judgment in 2009.  We reverse the court of appeals' judgment and remand for the trial court to render judgment for Castle, with postjudgment interest to accrue in accordance with this opinion.

*Id*.

More germane to the issue before us now is the supreme court's directive that the trial court is to determine, after remand, whether the record must be reopened and should make that decision as of the time of remand.  *Id*. at 81-82.  In the context of this Court's remand to the trial court to address improperly calculated prejudgment interest, the trial court determined it was not equipped with a sufficient record and chose to reopen the evidence to obtain the necessary evidence to calculate prejudgment interest consistent with our opinion.  As the supreme court pointed out, it was only when Castle waived its claim for prejudgment interest that the trial court possessed a sufficient record to enter a correct judgment.  *Id*.  Under the facts that existed at the time of remand, the supreme court held the trial court did not abuse its discretion in concluding that it needed additional evidence.  *Id*. at 85.[6]

Now, eight years later, the trial court finds itself with yet another remand, this time to correct its error as to the accrual date for postjudgment interest.  The supreme court's mandate directs the trial court "to render judgment for Castle, with postjudgment interest to accrue in accordance with this opinion."  *Id*. at 87. Accordingly, the trial court was charged with determining whether a sufficient record existed as of the time of the remand to enter a correct

---

[6] We had similarly concluded in a mandamus proceeding after the trial court decided to reopen the record that the trial court did not abuse its discretion in making that decision because "there are issues before the trial court requiring factual determinations."  *In Re Castle Tex. Prod. Ltd. P'ship*, 189 S.W.3d 400, 405 (Tex. App.—Tyler 2006, orig. proceeding).

judgment as to postjudgment interest.  In that role, the trial court determined that the record was insufficient and chose to reopen the record.

Castle maintains that reopening the record falls outside the supreme court's mandate.  However, this mandamus proceeding essentially requests that we determine whether the trial court's decision to reopen was an abuse of discretion.  But mandamus will issue only to correct a clear abuse of discretion for which the relator has no adequate remedy by appeal.  ***In re Prudential Ins. Co. of Am.***, 148 S.W.3d at 135-36.  An appellate remedy is adequate when any benefits to mandamus review are outweighed by the detriments.  ***Id.*** at 136.  When the benefits outweigh the detriments, appellate courts must consider whether the appellate remedy is adequate.  ***Id.***  This determination is not "abstract or formulaic," but rather is a practical and prudential determination.  ***Id.*** at 136.  Flexibility is the principal virtue of mandamus relief and rigid rules are "necessarily inconsistent" with that flexibility.  ***Id.***  "[A]n appellate remedy is not inadequate merely because it may involve more expense or delay" than a writ of mandamus, but the word "merely" must be carefully considered.  ***Id.***  Appeal is not an adequate remedy when the denial of mandamus relief would result in an "irreversible waste of judicial and public resources." ***Id.*** at 137. The decision whether there is an adequate remedy on appeal "depends heavily on the circumstances presented." ***Id.***. The decision is not confined to the private concerns of the parties but can extend to the impact on the legal system. ***Id.***

The trial court's letter ruling states that it ordered "the record be reopened in order for the Court to determine post judgment interest including the accrual period."  The letter does not explain the basis for the court's order or the reasons it felt the evidence needed to be reopened.  As a result, the record does not include sufficient information to enable this Court to conduct the balancing test required by ***Prudential***.  If Castle believes the trial court erred in its determination to reopen the record, such a decision is reviewable on appeal of the new judgment.  *See **Long***, 426 S.W.3d at 81 n.14.  Only after the trial court conducts its evidentiary proceeding and enters what it considers to be a correct judgment as to postjudgment interest will we be in a position, if an appeal is pursued, to determine if an abuse of discretion occurred by reviewing the new judgment and considering the state of the record before the trial court upon remand when it chose to reopen the case.

Castle urges us to grant its petition because the trial court's letter ruling states an intent to reopen the record to determine not only post judgment interest, but also the accrual period.

6

Castle contends this is contrary to the supreme court's determination that postjudgment interest accrue as of the 2009 judgment. Castle further argues that, by reopening the record, the judgment entered will become a new final judgment under the supreme court's holding, in which the new judgment date would become the date postjudgment interest will start to accrue and nullify years of accrued postjudgment interest.[7] However, it is not this Court's role to speculate what the trial court intended by the language used in its letter ruling. Unlike the dissent, we are not able to divine that the trial court is reopening the record unnecessarily. Nor would it be proper for us to provide guidance on what would constitute a sufficient record to enter a correct judgment or outline what the trial court should examine in making its rulings. We are constitutionally prohibited from issuing advisory opinions. *See* TEX. CONST., art. II, § 1; *Texas Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993)

Moreover, the trial court's decision to reopen the record is not inconsistent with the supreme court's directive. Even when remand is limited, the trial court retains a reasonable amount of discretion to comply with an appellate court mandate. *Russell v. Russell*, 478 S.W.3d 36, 42 (Tex. App.—Houston [14th Dist.] 2015, no pet.). It was the trial court's role to determine whether the record contained sufficient evidence to correctly award postjudgment interest. *See Long*, 426 S.W.3d at 82; *see also Russell*, 478 S.W.3d at 42. The trial court determined it did not have a sufficient record. Its decision to reopen is consistent with the supreme court's opinion and mandate remanding the case to the trial court to render judgment in accordance with the opinion. *See Long*, 426 S.W.3d at 81-82.

In the event the trial court enters a new judgment and an appeal is perfected, only then may we examine whether the trial court abuse its discretion by reopening the case based on the record before it at the time of remand. If the record before the trial court was sufficient at the time of remand, such that the trial court could have rendered a correct judgment, and the trial court abused its discretion by reopening the record, we may then render the judgment that the trial court should have rendered. *See id*. at 80. Accordingly, for all the above reasons, we decline to grant Castle's petition for writ of mandamus.

---

[7] Castle represented in its mandamus petition that the difference in the amount of accrued postjudgment interest would be approximately $1,000,000 depending on whether the accrual date begins as of the date of the 2009 judgment or the date of a new judgment entered in 2017.

7

Because Castle has not shown its entitlement to mandamus relief, we ***deny*** the petition for writ of mandamus.


**GREG NEELEY**
Justice

Opinion delivered July 31, 2017.
*Panel consisted of Worthen, C.J. and Neeley, J.*
*Hoyle, J., dissenting.*


Because the Texas Supreme Court provided clear instruction for the trial court to render judgment for Castle with postjudgment interest to accrue on March 25, 2009, the trial court exceeded its authority when it ordered the reopening of the record. Accordingly, I would grant Castle's petition for writ of mandamus. I therefore respectfully dissent from the majority's denial of Castle's petition.

As stated by the majority, the Texas Supreme Court addressed one issue regarding this case, i.e., the proper accrual date for postjudgment interest. All other issues had been decided previously.

The supreme court's ruling on that one issue was well-defined and distinct:

> Accordingly, postjudgment interest must accrue from the trial court's final judgment in 2009. We reverse the court of appeals' judgment and remand for the trial court to render judgment for Castle, with postjudgment interest to accrue in accordance with this opinion.

***Long v. Castle Tex. Prod. Ltd. P'ship***, 426 S.W.3d 73, 86 (Tex. 2014). The trial court simply needed to change the accrual date for postjudgment interest to March 25, 2009 in its judgment for Castle. Instead, the trial court issued a letter ruling in which it decided to reopen the record.

The majority bases its decision to deny Castle's petition for writ of mandamus on three independent prongs. I address each of those prongs in turn.

First, the majority implies that the trial court did not abuse its discretion by ordering the record reopened. Of course, the trial court determines if it must reopen the record after remand. *Id.* at 81. The trial court does not abuse its discretion if it reopens the record when a remand requires further evidentiary proceedings. *See id.* at 76. But, a trial court can abuse its discretion when it reopens the record unnecessarily. *See **Cessna Aircraft Co. v. Aircraft Network, LLC**,* 345 S.W.3d 139, 144 (Tex. App.—Dallas 2011, no pet.).

The majority ignores a key distinction between our initial remand and the supreme court's subsequent remand to the trial court. When we remanded the case to the trial court, Castle had not waived prejudgment interest; thus, there was a need for additional evidence to address outstanding issues. Conversely, when the supreme court remanded the case to the trial court, prejudgment interest was no longer an issue. The trial court's only remaining task was to render judgment in accordance with the supreme court's opinion. *Id.* at 87. Accordingly, the trial court abused its discretion when it ordered the record reopened for additional evidence because there were no outstanding issues requiring additional evidence.

8

Second, the majority finds the trial court's letter ruling vague. Consequently, the majority finds that Castle's petition for writ of mandamus must be denied at this time so as to avoid an advisory opinion.

While I agree that the trial court's letter ruling is brief, I disagree that it is vague. The trial court has ordered the record reopened so that it can decide the accrual date for postjudgment interest. The record, along with the supreme court's decision, already provides the answer to that question. We need not speculate to decide that the trial court's letter ruling was an abuse of discretion.

Third, the majority finds that Castle has an adequate remedy by appeal. Adequate remedy by appeal is "simply a proxy for the careful balance of jurisprudential considerations that determine when appellate courts will use original mandamus proceedings to review the actions of lower courts." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004). An adequate remedy by appeal exists when the benefits to mandamus review are outweighed by the detriments. *Id.* But, when the benefits outweigh the detriments, we must consider whether the appellate remedy is adequate. *Id.*

While remedy by appeal is not inadequate merely because it may involve more expense or delay, we must remember that "the word 'merely' carries heavy freight." *Id.* When the error is clear enough and the correction simple enough, mandamus relief is appropriate to avoid the expense of additional judicial resources that will amount to little more than a fiction. *Id.* at 137.

Here, the trial court's error is clear, and the solution is simple. The benefits of mandamus relief greatly outweigh the detriments in this case because it benefits the parties and conserves judicial resources. The parties and the court waste any further time and expenses incurred in this case for additional evidentiary proceedings in the trial court. While we can review the issue again on appeal, because of the unnecessary additional costs that will be incurred absent mandamus relief, there is no adequate remedy by appeal.

The trial court must comply with the supreme court's decision. *See Lee v. Downey*, 842 S.W.2d 646, 648 (Tex. 1992) (mandamus will issue if a lower court fails to comply with supreme court's judgment). Under the facts of this case, the trial court could reach only one decision in this case: judgment for Castle with postjudgment interest accruing on March 25, 2009. *See Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). Because the trial court chose a different course of action, we should grant Castle's petition.

Therefore, I respectfully dissent.

(PUBLISH)

9



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JULY 31, 2017

NO. 12-17-00178-CV

IN RE: CASTLE TEXAS PRODUCTION
LIMITED PARTNERSHIP, RELATOR

ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by **CASTLE TEXAS PRODUCTION LIMITED PARTNERSHIP**, who is the relator in Cause No. 96-123-A, pending on the docket of the 4th Judicial District Court of Rusk County, Texas. Said petition for writ of mandamus having been filed herein on June 6, 2017, and the same having been duly considered, because it is the opinion of this Court that a writ of mandamus should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **DENIED**.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J. and Neeley, J.*
*Hoyle, J., dissenting.*